*Rodes & Clark, for appellant.*

*Thos. H. Hines, for appellees.*

---

House of Mercy of New York *v.* Isaac Cromie's Heirs.

**Wills—Residuary Legatee—Inability to Take Devise.**

A will construed and held to pass to a legatee one-half the residuary personal estate, and that the real estate devised to such legatee passed to the testator's heirs because of the legatee's inability to take it.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### January 20, 1873.

OPINION BY JUDGE PETERS:

From a judgment of the Louisville Chancery Court involving the proper interpretation and effect of the will of Isaac Cromie, and the settlement of several antagonistic claims, three appeals were prosecuted to this court on the same record, one of which was prosecuted by the present appellant against the Institution of Mercy of New York and others. 3 Bush 365.

After discussing the merits of the respective claims of appellant and the Institution of Mercy, as beneficiaries under the sixth clause of the will of the testator, this court stated the conclusion in the following words: "According to this essentially true outline of the extraneous facts, the most rational deduction is that the New York beneficiary intended by the testator was The House of Mercy of New York."

The mandate of this court having been entered, appellant filed a supplemental answer and cross-petition, in which, after reciting the sixth clause of the will, and stating that this court had adjudged that it was one of the beneficiaries therein provided for, it alleges that "the judgment of the court of appeals was qualified" by directing that no part of the real estate of the testator should be given to this defendant because her charter restricted the corporation to holding a value not exceeding $50,000 of real estate, which value, it was adjudged, belonged to and was held by said corporation at the time of the testator's death.

Having recited substantially the mandatory part of the opinion and judgment, appellant alleges that it is ascertained that the personal property of appellant, at testator's death, did not exceed $678.75, consequently it is entitled to receive $74,321.25 of the personalty of testator. That a considerable part of the estimate of the value of the personalty consists of receipts and income since testator's death, and the accounts as settled, including the stocks, are not sufficient to satisfy the share which appellant is entitled to take of the personalty, the value of the whole of which at testator's death is, or *may be* less than the sum required to pay said sum of $74,321.25. That the whole residuary estate, including personalty and realty, exceeded in value $200,000, and as a very inconsiderable part of the same had been passed to the devisees and legatees, and as the will of testator means that his whole residual estate, real, per-

sonal and mixed, should be divided between the two beneficiaries equally, and as the aggregate will be more than double the $74,-321.25 at testator's death, and as the personalty exceeds that sum, the full amount thereof should be given to the appellant in personalty, and the same amount should be made up to the other beneficiary out of remainder of the personalty and realty, of which there is a sufficiency. Or if that can not be done, then the prayer is that all of the real estate be sold, and the proceeds be brought into the account for a division and the amount *due* appellant be satisfied in money or other personalty.

To that supplemental pleading a demurrer was sustained in the court below and this appeal seeks a reversal of that judgment.

If this pleading be subject to the process of consideration, it seems to amount to this: that, as it has been judicially determined that appellant, by the law creating it, is made incapable of taking the real estate devised to it, but the same relapsed to the heirs of testator and must be so decreed; therefore it should have the whole of the personalty disposed of in the residuary claim, or so much thereof as will be required to make up to it the sum of $75,000, the maximum it can take, and make the other beneficiary take of the realty enough to reimburse it for its part of the personalty passed to appellant. Or, if that can not be done then, that a sufficiency of the real estate be sold and the sum required to make up the $75,000 be supplied out of the proceeds.

To either of the alternative propositions there appear objections unsurpassable. It is not shown that the testator knew what amount of personalty appellant was capable of taking, or if he did, there is nothing in the will indicating any intention on his part to make the bequest to it up to that sum. He gives to appellant one-half of the residue of his personal estate, in plain, unambiguous language, such as is not susceptible of construction. One-half of the residue of the personalty is all that it can take, and when it gets that one-half, that bequest, or legacy, is satisfied, and the will of the testator to that extent executed.

To the one-half of the residual real estate this court has adjudged the heirs of the testator are entitled, and to the other half the Presbyterian Orphan Asylum of Louisville is entitled under the will of

testator. And of these rights this court has no more power to divest the parties than it has to make a will for the testator.

The judgment of the court below must be *affirmed*.

*Bullock & Anderson, Bodley & Simrall, for appellant.*

*Thompson, Caldwell, Gibson, for appellees.*